U.S. COURT OF APPEALS
FILED
JUL 05 1995
CHARLES R. FULBRUGE III
CLERK

UNITED STATES COURT OF APPEALS
for the Fifth Circuit

---

No. 94-41258
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSEPH THOMAS, JR.,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Texas
(1:94-CR-16-1)

---

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[1]

Appellant was convicted of possession with intent to distribute cocaine base within 1000 feet of a public school and appeals his conviction and sentence. We affirm.

An undercover police officer purchased cocaine base from Appellant immediately after reviewing a group of photographs of persons suspected of dealing drugs near a school. Immediately after the purchase he again viewed the photographs and identified Appellant's photo as the seller. Two hours later he again purchased drugs from Appellant at the same location. He also

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public, and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

identified Appellant at the trial. Appellant contends that the in-court identification should have been suppressed because it was tainted by the witness's viewing of the photographs. On this record we do not find the procedure unnecessarily suggestive. The officer bought twice from Appellant within a short period of time under circumstances which gave him full view of Appellant's face at close range. Even if we assume that the procedure was unnecessarily suggestive, the totality of the circumstances indicates that the identification was reliable. See Herrera v. Collins, 904 F.2d 944 (5th Cir.), cert. denied, 498 U.S. 925 (1990).

Appellant's argument that the evidence was insufficient to prove that he possessed the drugs depends entirely on the validity of the identification. Having found the identification sufficient, this issue is without merit.

At sentencing Appellant objected to the application of the career offender guideline and to the denial of his motion for downward departure. Appellant now admits that he meets the requirements of the career offender guideline, § 4B1.1. The district court declined to depart and sentenced Appellant within the guidelines. This decision was not in violation of law or on the mistaken view that the court was without authority to depart. The decision is, therefore, not reviewable. See United States v. Adams, 996 F.2d 75, 78 (5th Cir 1993).

AFFIRMED.