UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA    §
                            §
v.                          §        Criminal No.
                            §        1:94-CR-16-1
                            §
JOSEPH THOMAS               §

RECONSIDERATION OF
MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. 3582(c)(2)

**COMES NOW** Defendant Joseph Thomas through PRO SE repre-
sentation, and respectfully submits this Motion for Reduction
of Sentence imposed August 25, 1994,based on a sentencing range that
has subsequently been lowered by the Sentencing Commission pursuant
to 18 U.S.C. 3582(c)(2).  See Haines vs. Kerner 404 US 519, 30 LED
2d 652.

This case arises out of the Eastern District of Texas where
I received a sentence of 262 months and 5years of supervised release.
On or about Aug. 25, 1994 this court made a finding that I was acount-
table for 0.26 grams of crack cocaine. My guideline sentencing range
was 262 to 327 months, pursuant to 21 U.S.C. 841(a)(1)(C) and 860.
My base offense was 34, my criminal history category was VI. I was
sentenced to 262 months at the bottom of the guidelines, pursuant to
§4B1.1(Career Offender).

I assert the following pursuant to **United States v. McGee, 2nd
Cir., No. 08-1619-cr, 1/23/09)**.  "Faced with two plausible interpre-
tations of the guidelines, the court resorted to the rule of lenity
and ruled in favor of the defendant.  "We conclude that a defendant

who was designated a career offender but ultimately explicitly sentenced based on a Guidelines range calculated by [the drug guidelines] **is eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and the crack amendments," the court said.**

However, the court also suggested that the history behind the crack amendment indicates that the more lenient interpretation is the one actually intended by the Sentencing Commission.  Quoting from the commission's commentary accompanying the crack amendment, the court noted,"[T]he overwhelming majority of district courts faced with this issue have also come to this seemingly commonsense conclusion, one that recognizes the underlying rationale for the amendments--to address the "urgent and compelling" problems associated with the 100-to-1 drug quantity ratio."

I pray that pursuant to 18 U.S.C. § 3582(c)(2) and 3553(a) factors, the court adjusts my sentence based upon an independent assessment of all factors that are now available to the Court and reduce my sentence to 210 months, the bottom of my new guideline range of 210 to 262 months.

Dated 3-29-09

Respectfully submitted,

Joseph Thomas Jr

Joseph Thomas
Reg# 04789-078
P.O. Box 2099
Federal Prison Camp Pollock
Pollock, Louisiana  71467

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of my Reconsideration Motion To Reduce my Sentence pursuant to 3582(c)(2) was mailed through FPC Pollock mail lock box by first class mail on 03/29/09 to the Clerk of Court for the United States District Court, Eastern District of Texas.

**United States District Court
Eastern District
Office of the Clerk
211 W. Ferguson St, Rm 106
Tyler, Texas   75702**

Dated 3-29-09

Joseph Thomas
Joseph  Thomas